**McGuireWoods LLP**
Matthew C. Kane (SBN 171829)
　　Email: sbeldner@mcguirewoods.com
Sabrina A. Beldner (SBN 221918)
　　Email: sbeldner@mcguirewoods.com
Lindsay L. Ryan (SBN 258130)
　　Email: lryan@mcguirewoods.com
Ashley R. Li (SBN 317305)
　　Email: ali@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA  90067-1501
Telephone:  310.315.8200
Facsimile:  310.315.8210

Attorneys for Defendants
WATKINS AND SHEPARD TRUCKING, INC.
and SCHNEIDER NATIONAL CARRIERS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ROMERO, on his own behalf and on behalf of all other persons similarly situated,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>WATKINS AND SHEPARD TRUCKING, INC., a Montana corporation, SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation, and DOES 1 through 100, inclusive,<br><br>　　　Defendants. | CASE NO.<br><br>[San Bernardino County Superior Court Case No. CIVDS1927254]<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>Complaint Filed:　　September 11, 2019<br>Complaint Served:　October 11, 2019 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendants WATKINS AND SHEPARD TRUCKING, INC. ("W&S") and SCHNEIDER NATIONAL CARRIERS, INC. ("Schneider") (collectively, "Defendants"), by and through their counsel of record, hereby remove the above-entitled action from the Superior Court of the State of California in and for the County of San Bernardino (the "State Court"), in which the action is currently pending, to the United States District Court for the Central District of California, on the grounds that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, and all other applicable bases for removal. In support of this Notice of Removal, Defendants aver as follows:

## PLEADING AND PROCEDURES

1. On September 11, 2019, Plaintiff ALEJANDRO ROMERO ("Plaintiff") filed a Class Action Complaint (the "Complaint") against Defendants in the State Court, styled as *Alejandro Romero, on his own behalf and on behalf of all other persons similarly situated v. Watkins and Shepard Trucking, Inc., a Montana corporation, Schneider National Carriers, Inc., a Nevada Corporation, and DOES 1 through 100, inclusive*, Case No. CIVDS1927254 (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. On October 11, 2019, Defendants' respective registered agents for service of process were personally served with a copy of the Summons and Complaint. True and correct copies of the Summons, Complaint, and every other process, pleading, and order served on Defendants in this action to date are attached hereto as the Exhibits identified below:

| **Exhibit** | **Document** |
|---|---|
| **A** | Complaint |
| **B** | Summons on Complaint to W&S |
| **C** | Summons on Complaint to Schneider |

|   |   |   |
|---|---|---|
| | **D** | Civil Case Cover Sheet |
| | **E** | Certificate of Assignment |
| | **F** | Initial Case Management Order |
| | **G** | Guidelines For The Complex Litigation Program |

3. On November 6, 2019, Defendants filed and served their Answer to Plaintiff's Complaint in the State Court Action. A true and correct copy of Defendants' Answer to the Complaint is attached hereto as **Exhibit H**.

4. Defendants are informed and believe that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court Action.

5. Defendants Does 1 through 100 have yet to be identified and are therefore disregarded for the purposes of this removal. *See* 28 U.S.C. § 1441(b)(1). As such, Defendants are the only defendants needed to consent to this removal.

## REMOVAL JURISDICTION – FEDERAL QUESTION

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and all other applicable bases for removal, and it is one that may be removed to this Court because it involves claims and/or issues arising in whole or in part under the Constitution, laws, or treaties of the United States.

### Federal Question Jurisdiction

7. Pursuant to 28 U.S.C. § 1331, United States District Courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See also United States v. Alisal Water Corp.*, 431 F.3d 643, 650 (9th Cir. 2005). Additionally, pursuant to 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8. Plaintiff's Complaint expressly pursues claims arising under the laws of the United States because the Second Cause of Action is brought pursuant to a federal statute. *See* Exh. A (Complaint), ¶¶ 15-25. Specifically, Plaintiff's Second Cause of Action for "WARN Act Class Allegations" is brought pursuant to 29 U.S.C. §§ 2101, *et seq.* (the "Federal WARN Act"), and it alleges that Defendants laid off Plaintiff and others as part of a shutdown or mass layoff without providing at least 60 days' advance written notice in violation of the Federal WARN Act. *Id.*

9. Accordingly, because Plaintiff has asserted claims "arising under the . . . laws . . . of the United States," this Court has original jurisdiction over this action and removal is proper. 28 U.S.C. § 1331.

## Supplemental Jurisdiction

10. The Court has supplemental jurisdiction over all other claims asserted by Plaintiff pursuant to 28 U.S.C. § 1367(a) and 28 U.S.C. § 1441(c). When a defendant removes a lawsuit that joins both federal and state law claims, the district court may exercise supplemental jurisdiction over the state law claims if those claims "form part of the same case or controversy." 28 U.S.C. § 1367(a); *see also Kuba v. 1-Aagric. Ass'n*, 387 F.3d 850, 955 (9th Cir. 2004) (claims are within the supplemental jurisdiction of the Court if they "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding.").

11. Here, Plaintiff's First (and only other) Cause of Action arises from the *same* set of alleged facts and contention that Defendants laid off Plaintiff and others as part of a shutdown or mass layoff without at least 60 days' advance written notice of the layoff. Indeed, the First Cause of Action is brought pursuant to California Labor Code §§ 1400 *et seq.*, which is the state law counterpart to the Federal WARN Act, and is, therefore, inextricably intertwined with the Second Cause of Action. Accordingly, this Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367(a). Thus, this action is removable in its entirety.

**REMOVAL JURISDICTION – CAFA JURISDICTION**

12. Defendants also aver that this Court also has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"). 28 U.S.C. § 1332(d)(2). Under CAFA, this Court has jurisdiction over class actions where any member of the class is a citizen of a state different from any defendant, and where the aggregate amount in controversy exceeds the sum of $5 million, exclusive of interest and costs, and the number of members of all proposed plaintiff classes in the aggregate is at least 100 class members. 28 U.S.C. § 1332(d)(2)-(6). CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

**Minimal Diversity of Citizenship**

13. **Plaintiff's Citizenship.** Although the Complaint does not specifically allege the citizenship of Plaintiff, Plaintiff alleges in his Complaint that he was employed in California until his termination on or about August 23, 2019. *See* Exh. A (Complaint), ¶ 3. In addition, Defendants are informed and believe, and based thereon aver, that Plaintiff presently has and at all times relevant to this action has had a driver's license issued by the State of California. Accordingly, Plaintiff is a resident and citizen of the State of California. *See, e.g.*, *Mondragon v. Capital One Auto Finance*, 776 F.3d 880, 885-86 (9th Cir. 2013) (holding that, in connection with removal to federal court, a person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change"); *Lew v. Moss*, 797 F.2d 747, 751-52 (9th Cir. 1986) (holding that California was the state of domicile for a party with a California residential address and a valid California drivers' license).

14. **Defendant Schneider's Citizenship.** As reflected on the California Secretary of State's Business Entity Search website, and as recognized by Plaintiff, Schneider is a Nevada corporation. *See* Exh. A (Complaint), ¶ 4. Schneider's principal place of business is located in Green Bay, Wisconsin. Consequently,

Schneider's citizenship is diverse from Plaintiff's, and the minimal diversity requirement under CAFA is satisfied.

### Size of the Purported Class

15. Plaintiff purports to bring suit on behalf of himself and two proposed classes consisting of (1) employees within California and (2) employees outside California who were terminated as a result of the plant layoffs in August 2019. Exh. A (Complaint), ¶¶ 6, 15. According to the Complaint, Defendant Schneider "sent layoff notices to Plaintiff and over 100 similarly situated employees without providing Plaintiff and the Proposed Class with advance written notice." *Id.* at ¶ 5. Thus, as Plaintiff alleges that more than 100 employees were affected by the layoffs, the aggregate membership of the proposed classes is at least 100 individuals as required by CAFA.

### Amount in Controversy

16. Plaintiff claims damages for "unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for sixty (60) days" following the employees' termination. *See* Exh. A (Complaint), Prayer for Relief. As CAFA authorizes the removal of class actions in which, among the other factors mentioned above, Defendants aver that *the aggregate* amount in controversy for these types of damages sought for all of the putative class members exceeds $5,000,000.00, and, therefore the amount in controversy as sought in the Complaint exceeds that jurisdictional minimum. *See* 28 U.S.C. § 1332(d).

17. Defendants expressly reserve and do not waive their right to supplement and/or amend this Notice of Removal and/or offer evidence supporting the Court's jurisdiction over this action under CAFA or otherwise, including without limitation as to additional and/or different amounts in controversy and as to traditional diversity and/or federal question jurisdiction if this removal is challenged. Additionally, Defendants assume that the proposed classes are as defined by Plaintiff in the

Complaint for purposes of this Notice of Removal only, but expressly reserve and do not waive their position that the definitions of the proposed classes are improper and/or cannot be certified.

## VENUE

18.   Defendants are informed and believe that the events allegedly giving rise to this action occurred within this judicial district.  Venue lies in this Court because Plaintiff's action was filed in the Superior Court of California, County of San Bernardino, and is pending in this district and division.  Accordingly, Defendants are entitled to remove this action to the United States District Court for the Central District of California.  *See* 28 U.S.C. § 1441(a).

## TIMELINESS OF REMOVAL

19.   This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as Defendants have filed this Notice of Removal within thirty days of the date Defendants were served with Plaintiff's Complaint, which is the first date upon which any defendant in this action was served with any pleading, amended or otherwise, first giving it knowledge that the action was indeed removable.  *See* 28 U.S.C. § 1446(b).  This action has not previously been removed to federal court.

## NOTICE TO PLAINTIFF AND STATE COURT

20.   Contemporaneously with the filing of this Notice of Removal in this Court, written notice of such filing will be served on Plaintiff's counsel of record as reflected in the attached Certificate of Service.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California in and for the County of San Bernardino.

///
///
///
///
///

21.     WHEREFORE, Defendants respectfully request that the above-captioned action now pending in the State Court be removed to this United States District Court.

DATED: November 8, 2019          **McGuireWoods LLP**

By:  /s/   Matthew C. Kane, Esq.
          Matthew C. Kane, Esq.
          Sabrina A. Beldner, Esq.
          Lindsay L. Ryan, Esq.
          Ashley R. Li, Esq.

Attorneys for Defendants
WATKINS AND SHEPARD TRUCKING, INC. and SCHNEIDER NATIONAL CARRIERS, INC.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

  I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067-1501.

  On November 8, 2019, I served the following document(s) described as: **DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Eric A. Panitz | *Attorney for Plaintiff* |
| Gerardo Sosa | *Alejandro Romero* |
| PANITZ LAW GROUP APC | |
| 18000 Studebaker Road, Suite 700 | |
| Cerritos, CA 90703 | |

☒  **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐  **BY ELECTRONIC DELIVERY:** I caused said document(s) to be transmitted electronically to the above email addresses

☐  **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐  **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered the addressee(s). (C.C.P. § 1011)

  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  Executed on November 8, 2019, at Los Angeles, CA.

                    Matthew Whitney