Jan 10 2000 11:07AM HP Fax    page 2

Eric A. Panitz (State Bar No. 243877)
Gerardo Sosa (State Bar No. 313627)
PANITZ LAW GROUP APC
18000 Studebaker Road, Suite 700
Cerritos, California 90703
T: (562) 924-7800
eric@panitzlaw.com
gs@panitzlaw.com

Attorneys for Plaintiff
ALEJANDRO ROMERO

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

SEP 11 2019

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

ALEJANDRO ROMERO, on his own behalf and on behalf of all other persons similarly situated,

Plaintiff,

vs.

WATKINS AND SHEPARD TRUCKING, INC., a Montana corporation, SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation, and DOES 1 through 100, inclusive

Defendants.

Case No.:   CIVDS1927254

CLASS ACTION COMPLAINT FOR

(1) CALIFORNIA LABOR CODE §§ 1400 ET SEQ.

(2) VIOLATION OF WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT, 29 U.S.C. §§ 2101 ET SEQ.;

DEMAND FOR JURY TRIAL

ALEJANDRO ROMERO ("Plaintiff") on behalf of himself and a class of those similarly situated, by way of Complaint against WATKINS AND SHEPARD TRUCKING, INC. and SCHNEIDER NATIONAL CARRIERS, INC. (hereinafter collectively referred to as "Defendants") by and through his counsel, alleges as follows:

CLASS ACTION COMPLAINT
[VIOLATION OF WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT] - 1

Exhibit A

Jan 10 2000 11:07AM HP Fax  page 4 

## FIRST CAUSE OF ACTION

### CALIFORNIA WARN CLASS ALLEGATIONS, Cal. Labor Code § 1401

6. Plaintiff brings the First Claim for Relief for violation of Labor Code § 1401 on behalf of himself and a class of similarly situated persons in California pursuant to Labor Code § 1404, who were terminated without cause beginning on or about August 2019 (the "California Class" members).

7. The persons in the "California Class" identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

8. On information and belief, the identity of the members of the class and the recent residence address of each of the "California Class" members is contained in the books and records of Defendants.

9. On information and belief, the rate of pay and benefits that were being paid by Defendants to each "California Class" members at the time of his/her termination is contained in the books and records of Defendants.

10. Common questions of law and fact exist as to members of the "California Class", including, but not limited to, the following:

   a. whether the members of the "California Class" members were employees of the Defendants;

   b. whether Defendants unlawfully terminated the employment of the members of the "California Class" without cause on their part and without giving them 60 days advance written notice in violation of the CAL WARN Act; and

   c. whether Defendants unlawfully failed to pay the "California Class" members 60 days wages and benefits as required by the CAL WARN Act.

11. Plaintiff's claims are typical of those of the California Class. The "California Class". Plaintiff, like other "California Class" members, worked for Defendants in

CLASS ACTION COMPLAINT
[VIOLATION OF WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT] - 3

Exhibit A

1. California and was laid off by letter from Defendant SCHNEIDER NATIONAL CARRIERS, INC. on or about August 23, 2019 due to the mass layoffs ordered by Defendants.

2. 12. The California Class Plaintiff will fairly and adequately protect the interests of the California Class. The California Class Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the CAL WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

13. Class certification of these Claims is appropriate because questions of law and fact common to the California Class predominate over any questions affecting only individual members of the California Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of CAL WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against corporate defendants, and damages suffered by individual members of the "California Class" are small compared to the expense and burden of individual prosecution of this litigation.

14. Concentrating all the potential litigation concerning the CAL WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the CAL WARN Act rights of all the members of the Class.

## SECOND CAUSE OF ACTION

### WARN ACT CLASS ALLEGATIONS

15. Plaintiff brings this action on his own behalf and on behalf of all other similarly situated former employees of Defendants who worked for Defendants outside of California and who were terminated without cause on or about August 2019, or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants on that date, pursuant to 29 U.S.C. § 2104(a)(5).

Jan 10 2000 11:08AM HP Fax    page 6

16. The persons in the Class identified above ("Non-California Class" members) are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

17. On information and belief, the identity of the members of the class and the recent residence address of each of the "Non-California Class" members is contained in the books and records of Defendants.

18. On information and belief, the rate of pay and benefits that were being paid by Defendants to each "Non-California Class" members at the time of his/her termination is contained in the books and records of the Defendants.

19. There are questions of law and fact common to the "Non-California Class" members that predominate over any questions affecting individual members.

20. There are questions of law and fact common to the "Non-California Class" members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

   a. whether the "Non-California Class" members were employees of the Defendants;
   b. whether Defendants terminated the employment of the "Non-California Class" members without cause on their part and without giving them 60 days advance written notice; and
   c. whether Defendants paid the "Non-California Class" members 60 days wages and benefits as required by the WARN Act.

21. Plaintiff's claim is typical of those of the WARN Class. Plaintiff, like other WARN Class members, was laid off without cause on or about August 2019, due to the mass layoff ordered by Defendants.

22. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experience in complex class actions, including the WARN Act and employment litigation.

CLASS ACTION COMPLAINT
[VIOLATION OF WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT] - 5

Exhibit A

23. Class certification of these claims is appropriate because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants, and damages suffered by individual "Non-California Class Members" are small compared to the expense and burden of individual prosecution of this litigation.

24. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants.

WHEREFORE, the Plaintiff demands judgment against the Defendants as follows:

a) An amount equal to the sum of all of the Aggrieved Employees': unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for sixty (60) days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with California Labor Code §§ 1400 et seq. and its federal counterpart, 29 U.S.C. §2104(a)(1)(A);

b) Certification that the Plaintiff and the Proposed Class members of the "California Class Members" constitute a single class;

c)  Certification that the Plaintiff and the Proposed Class members of the "Non-California Class Members" constitute a single class;

d)  Appointment of the undersigned attorneys as Class Counsel;

e)  Appointment of Plaintiff as the Class Representative and payment of reasonable compensation to him for his services as such;

f)  Interest as allowed by law on the amounts owed under the preceding paragraphs;

g)  The reasonable attorneys' fees and the costs and disbursements the Plaintiff incurs in prosecuting this action, as authorized by California Labor Code §§ 1400 et seq. and its federal counterpart, 29 U.S.C. §2104(a)(6);

h)  Such other and further relief as this Court may deem just and proper.

Dated: September 10, 2019

PANITZ LAW GROUP APC

By: _____
Eric A. Panitz
Gerardo Sosa
Attorney for Plaintiff
ALEJANDRO ROMERO

CLASS ACTION COMPLAINT
[VIOLATION OF WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT] - 7

Exhibit A

## DEMAND FOR JURY TRIAL

Plaintiff ALEJANDRO ROMERO hereby demands the trial in this matter be tried before a jury.

Dated: September 10, 2019              PANITZ LAW GROUP APC

                                       By: /s/ Eric A. Panitz
                                       Eric A. Panitz
                                       Gerardo Sosa
                                       Attorneys for Plaintiff
                                       MARIA RETANA

Exhibit A