Eric A. Panitz (SBN 243877)
PANITZ LAW GROUP APC
18000 Studebaker Road, Suite 700
Cerritos, CA  90703
(562) 924-7800 Phone
(562) 924-7801 Fax
eric@panitzlaw.com

Attorneys for Plaintiff
ALEJANDRO ROMERO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ROMERO, on his own behalf and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WATKINS AND SHEPARD TRUCKING, INC., a Montana corporation, SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 5:19-cv-02158 PSG (KKx)<br><br>**PLAINTIFF ALEJANDRO ROMERO'S WRITTEN OBJECTIONS TO EVIDENCE IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION**<br><br>Date:        May 4, 2020<br>Time:        1:30 p.m.<br>Crtrm:       6A<br>Judge:       Hon. Philip S. Gutierrez |

Plaintiff ALEJANDRO ROMERO ("Plaintiff") hereby submits the following objections to the evidence submitted in support of Defendants WATKINS AND SHEPARD TRUCKING, INC. and SCHNEIDER NATIONAL CARRIERS, INC.'s (together, "Defendants") Motion to Compel Arbitration:

| | EVIDENCE OBJECTED TO: | GROUNDS FOR OBJECTION | RULING |
|---|---|---|---|
| 1. | Declaration of Theresa Prestine-Dommer ("Prestin-Dommer Decl."), ¶ 5, Pg. 2, lines 17-18:<br><br>"Plaintiff's unique Employee Identification Number for Defendants' online learning system was 383438." | Lacks Foundation (Fed. R. Evid. 602). | Sustained:_____<br><br>Overruled:_____ |
| 2. | Prestine-Dommer Decl., ¶ 5, Pg. 2, lines 18-21:<br><br>"Defendants' online learning system records reflect that Plaintiff completed the Schneider Associate Acknowledgments on two separate occasions – first, on April 26, 2018 (the "2018 Associate Acknowledgments"), and then a second time on April 19, 2019 (the "2019 Associate Acknowledgments)." | Hearsay (Fed. R. Evid. 801(c)); Lacks Foundation (Fed. R. Evid. 602); Evidence not properly authenticated (Fed. R. Evid. 901.<br><br>Declarant provides no factual basis for her assertion it was *Plaintiff* who completed either of the Associate Acknowledgments or that he was the only person with the ability to do so.<br><br>Specifically, Declarant's declaration provides | Sustained:_____<br><br>Overruled:_____ |

-2-

| | EVIDENCE OBJECTED TO: | GROUNDS FOR OBJECTION | RULING |
|---|---|---|---|
| | | no facts as to: (1) when or how Plaintiff was provided the log-in credentials necessary to access the online learning system; (2) from where (IP address) and when (time of day) the Associate Acknowledgments were accessed; and (3) any processes preventing others from accessing the online learning system. In fact, Declarant herself asserts she has access to the system (¶ 2, lines 12-13). Declarant fails to attach as exhibits to her declaration the online learning system records which supposedly reflect that Plaintiff completed the Schneider Associate Acknowledgments on two separate occasions – first, on April 26, 2018, and | |

-3-

| | EVIDENCE OBJECTED TO: | GROUNDS FOR OBJECTION | RULING |
|---|---|---|---|
| | | then a second time on April 19, 2019 . Declarant also fails to attach as exhibits to her declaration complete copies of the 2018 and 2019 Associate Acknowledgments upon which she bases her declaration. | |
| 3. | Prestine-Dommer Decl., ¶ 5, Pg. 2, lines 22-27, Pg. 3, lines 1-2: "Through his Schneider Associate Acknowledgments, Plaintiff acknowledged that he had received, reviewed, and agreed to various policies and procedures, including, but not limited to, Schneider's Code of Conduct and Acceptable Use Policies. The Associate Acknowledgments | Hearsay (Fed. R. Evid. 801(c)); Lacks Foundation (Fed. R. Evid. 602); Evidence not properly authenticated (Fed. R. Evid. 901. Declarant provides no factual basis for her assertion it was *Plaintiff* who completed either of the Associate Acknowledgments or that he was the only person with the ability to do so. Specifically, Declarant's declaration provides | Sustained:_____ Overruled:_____ |

-4-

PLAINTIFF ALEJANDRO ROMERO'S WRITTEN OBJECTIONS TO EVIDENCE IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION

| | EVIDENCE OBJECTED TO: | GROUNDS FOR OBJECTION | RULING |
|---|---|---|---|
| | were accessed by Plaintiff by logging into Defendants' online learning system and using his unique login credentials, selecting the "SNI IS Learning Self-Service" tab, clicking on the "Learner Home" page, and then selecting the Associate Acknowledgments document so that he could review and respond to the Schneider acknowledgments applicable to his employment. | no facts as to: (1) when or how Plaintiff was provided the log-in credentials necessary to access the online learning system; (2) from where (IP address) and when (time of day) the Associate Acknowledgments were accessed; and (3) any processes preventing others from accessing the online learning system. In fact, Declarant herself asserts she has access to the system (¶ 2, lines 12-13).

Declarant fails to attach as exhibits to her declaration the online learning system records which supposedly reflect that Plaintiff completed the Schneider Associate Acknowledgments on two separate occasions – first, on April 26, 2018, and | |

-5-

PLAINTIFF ALEJANDRO ROMERO'S WRITTEN OBJECTIONS TO EVIDENCE IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION

| | EVIDENCE OBJECTED TO: | GROUNDS FOR OBJECTION | RULING |
|---|---|---|---|
| | | then a second time on April 19, 2019 .<br><br>Declarant also fails to attach as exhibits to her declaration complete copies of the 2018 and 2019 Associate Acknowledgments upon which she bases her declaration. | |
| 4. | Prestine-Dommer Decl., ¶ 7, Pg. 3, lines 19-21:<br>"The 2018 Associate Acknowledgments and the 2019 Associate Acknowledgments that were reviewed and completed by Plaintiff in Defendants' online learning system…" | Hearsay (Fed. R. Evid. 801(c)); Lacks Foundation (Fed. R. Evid. 602); Evidence not properly authenticated (Fed. R. Evid. 901.<br><br>Declarant provides no factual basis for her assertion it was *Plaintiff* who completed either of the Associate Acknowledgments or that he was the only person with the ability to do so.<br><br>Specifically, Declarant's declaration provides no facts as to: (1) | Sustained:_____<br><br>Overruled:_____ |

PLAINTIFF ALEJANDRO ROMERO'S WRITTEN OBJECTIONS TO EVIDENCE IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION

| | EVIDENCE OBJECTED TO: | GROUNDS FOR OBJECTION | RULING |
|---|---|---|---|
| | | when or how Plaintiff was provided the log-in credentials necessary to access the online learning system; (2) from where (IP address) and when (time of day) the Associate Acknowledgments were accessed; and (3) any processes preventing others from accessing the online learning system. In fact, Declarant herself asserts she has access to the system (¶ 2, lines 12-13).<br><br>Declarant fails to attach as exhibits to her declaration the online learning system records which supposedly reflect that Plaintiff completed the Schneider Associate Acknowledgments on two separate occasions – first, on April 26, 2018, and | |

-7-

| | EVIDENCE OBJECTED TO: | GROUNDS FOR OBJECTION | RULING |
|---|---|---|---|
| | | then a second time on April 19, 2019 . <br><br> Declarant also fails to attach as exhibits to her declaration complete copies of the 2018 and 2019 Associate Acknowledgments upon which she bases her declaration. | |
| 5. | Prestine-Dommer Decl., ¶ 9, Pg. 4, lines 13-14: <br><br> "The 2018 Associate Acknowledgments that Plaintiff completed through Defendants' online learning system…" | Hearsay (Fed. R. Evid. 801(c)); Lacks Foundation (Fed. R. Evid. 602); Evidence not properly authenticated (Fed. R. Evid. 901. <br><br> Declarant provides no factual basis for her assertion it was *Plaintiff* who completed either of the Associate Acknowledgments or that he was the only person with the ability to do so. <br><br> Specifically, Declarant's declaration provides no facts as to: (1) | Sustained:＿＿＿＿＿ <br><br> Overruled:＿＿＿＿＿ |

-8-

PLAINTIFF ALEJANDRO ROMERO'S WRITTEN OBJECTIONS TO EVIDENCE IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION

| | EVIDENCE OBJECTED TO: | GROUNDS FOR OBJECTION | RULING |
|---|---|---|---|
| | | when or how Plaintiff was provided the log-in credentials necessary to access the online learning system; (2) from where (IP address) and when (time of day) the Associate Acknowledgments were accessed; and (3) any processes preventing others from accessing the online learning system. In fact, Declarant herself asserts she has access to the system (¶ 2, lines 12-13).<br><br>Declarant fails to attach as exhibits to her declaration the online learning system records which supposedly reflect that Plaintiff completed the Schneider Associate Acknowledgments on two separate occasions – first, on April 26, 2018, and | |

-9-

PLAINTIFF ALEJANDRO ROMERO'S WRITTEN OBJECTIONS TO EVIDENCE IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION

| | EVIDENCE OBJECTED TO: | GROUNDS FOR OBJECTION | RULING |
|---|---|---|---|
| | | then a second time on April 19, 2019 .<br><br>Declarant also fails to attach as exhibits to her declaration complete copies of the 2018 and 2019 Associate Acknowledgments upon which she bases her declaration. | |
| 6. | Prestine-Dommer Decl., ¶ 10, Pg. 5, lines 4-6:<br><br>"Defendants' online learning system records reflect that Plaintiff responded "I Agree" to each of the four sets of acknowledgments in his 2018 Associate Acknowledgments that he completed on April 26, 2018…" | Hearsay (Fed. R. Evid. 801(c)); Lacks Foundation (Fed. R. Evid. 602); Evidence not properly authenticated (Fed. R. Evid. 901.<br><br>Declarant provides no factual basis for her assertion it was *Plaintiff* who completed either of the Associate Acknowledgments or that he was the only person with the ability to do so.<br><br>Specifically, Declarant's declaration provides no facts as to: (1) | Sustained:_____<br><br>Overruled:_____ |

PLAINTIFF ALEJANDRO ROMERO'S WRITTEN OBJECTIONS TO EVIDENCE IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION

| | EVIDENCE OBJECTED TO: | GROUNDS FOR OBJECTION | RULING |
|---|---|---|---|
| | | when or how Plaintiff was provided the log-in credentials necessary to access the online learning system; (2) from where (IP address) and when (time of day) the Associate Acknowledgments were accessed; and (3) any processes preventing others from accessing the online learning system. In fact, Declarant herself asserts she has access to the system (¶ 2, lines 12-13).<br><br>Declarant fails to attach as exhibits to her declaration the online learning system records which supposedly reflect that Plaintiff completed the Schneider Associate Acknowledgments on two separate occasions – first, on April 26, 2018, and | |

-11-

| | EVIDENCE OBJECTED TO: | GROUNDS FOR OBJECTION | RULING |
|---|---|---|---|
| | | then a second time on April 19, 2019 .<br><br>Declarant also fails to attach as exhibits to her declaration complete copies of the 2018 and 2019 Associate Acknowledgments upon which she bases her declaration. | |
| 7. | Prestine-Dommer Decl., ¶ 10, Pg. 5, lines 11-13, Pg. 6, lines 1-18:<br><br>"The following is a true and correct copy of Plaintiff's above-described SMAP acknowledgments as recorded in Defendants' online learning system…" | Hearsay (Fed. R. Evid. 801(c)); Lacks Foundation (Fed. R. Evid. 602); Evidence not properly authenticated (Fed. R. Evid. 901.<br><br>The document alleged to be a true and correct copy of the SMAP acknowledgments is an incomplete excerpt.<br><br>Declarant provides no factual basis for her assertion it was *Plaintiff* who completed either of the Associate | Sustained:_____<br><br>Overruled:_____<br><br><br><br><br>Sustained:_____<br><br>Overruled:_____ |

PLAINTIFF ALEJANDRO ROMERO'S WRITTEN OBJECTIONS TO EVIDENCE IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION

| | EVIDENCE OBJECTED TO: | GROUNDS FOR OBJECTION | RULING |
|---|---|---|---|
| | | Acknowledgments or that he was the only person with the ability to do so.<br><br>Specifically, Declarant's declaration provides no facts as to: (1) when or how Plaintiff was provided the log-in credentials necessary to access the online learning system; (2) from where (IP address) and when (time of day) the Associate Acknowledgments were accessed; and (3) any processes preventing others from accessing the online learning system. In fact, Declarant herself asserts she has access to the system (¶ 2, lines 12-13).<br><br>Declarant fails to attach as exhibits to her declaration the online learning system records which | |

-13-

PLAINTIFF ALEJANDRO ROMERO'S WRITTEN OBJECTIONS TO EVIDENCE IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION

| | EVIDENCE OBJECTED TO: | GROUNDS FOR OBJECTION | RULING |
|---|---|---|---|
| | | supposedly reflect that Plaintiff completed the Schneider Associate Acknowledgments on two separate occasions – first, on April 26, 2018, and then a second time on April 19, 2019 .<br><br>Declarant also fails to attach as exhibits to her declaration complete copies of the 2018 and 2019 Associate Acknowledgments upon which she bases her declaration. | |
| 8. | Prestine-Dommer Decl., ¶ 11, Pg. 6, lines 20-21:<br><br>"The 2019 Associate Acknowledgments that Plaintiff completed on April 19, 2019…" | Hearsay (Fed. R. Evid. 801(c)); Lacks Foundation (Fed. R. Evid. 602); Evidence not properly authenticated (Fed. R. Evid. 901.<br><br>Declarant provides no factual basis for her assertion it was *Plaintiff* who completed either of the Associate Acknowledgments or | Sustained:_____<br><br>Overruled:_____ |

-14-

| | EVIDENCE OBJECTED TO: | GROUNDS FOR OBJECTION | RULING |
|---|---|---|---|
| | | that he was the only person with the ability to do so.<br><br>Specifically, Declarant's declaration provides no facts as to: (1) when or how Plaintiff was provided the log-in credentials necessary to access the online learning system; (2) from where (IP address) and when (time of day) the Associate Acknowledgments were accessed; and (3) any processes preventing others from accessing the online learning system. In fact, Declarant herself asserts she has access to the system (¶ 2, lines 12-13).<br><br>Declarant fails to attach as exhibits to her declaration the online learning system records which supposedly reflect | |

-15-

PLAINTIFF ALEJANDRO ROMERO'S WRITTEN OBJECTIONS TO EVIDENCE IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION

| | EVIDENCE OBJECTED TO: | GROUNDS FOR OBJECTION | RULING |
|---|---|---|---|
| | | that Plaintiff completed the Schneider Associate Acknowledgments on two separate occasions – first, on April 26, 2018, and then a second time on April 19, 2019 .

Declarant also fails to attach as exhibits to her declaration complete copies of the 2018 and 2019 Associate Acknowledgments upon which she bases her declaration. | |
| 9. | Prestine-Dommer Decl., ¶ 13, Pg. 7, lines 14-16:

"Defendants' online learning system records reflect that he responded 'I Agree' to each of the four sets of acknowledgments in his 2019 Associate Acknowledgments…" | Hearsay (Fed. R. Evid. 801(c)); Lacks Foundation (Fed. R. Evid. 602); Evidence not properly authenticated (Fed. R. Evid. 901.

Declarant provides no factual basis for her assertion it was *Plaintiff* who completed either of the Associate Acknowledgments or that he was the only | Sustained:_____

Overruled:_____ |

PLAINTIFF ALEJANDRO ROMERO'S WRITTEN OBJECTIONS TO EVIDENCE IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION

| EVIDENCE OBJECTED TO: | GROUNDS FOR OBJECTION | RULING |
|---|---|---|
| | person with the ability to do so.<br><br>Specifically, Declarant's declaration provides no facts as to: (1) when or how Plaintiff was provided the log-in credentials necessary to access the online learning system; (2) from where (IP address) and when (time of day) the Associate Acknowledgments were accessed; and (3) any processes preventing others from accessing the online learning system. In fact, Declarant herself asserts she has access to the system (¶ 2, lines 12-13).<br><br>Declarant fails to attach as exhibits to her declaration the online learning system records which supposedly reflect that Plaintiff | |

-17-

PLAINTIFF ALEJANDRO ROMERO'S WRITTEN OBJECTIONS TO EVIDENCE IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION

| | EVIDENCE OBJECTED TO: | GROUNDS FOR OBJECTION | RULING |
|---|---|---|---|
| | | completed the Schneider Associate Acknowledgments on two separate occasions – first, on April 26, 2018, and then a second time on April 19, 2019 .<br><br>Declarant also fails to attach as exhibits to her declaration complete copies of the 2018 and 2019 Associate Acknowledgments upon which she bases her declaration. | |
| 10. | Prestine-Dommer Decl., ¶ 13, Pg. 7, lines 17-19, Pg. 8, lines 1-21:<br><br>"The following is a true and correct copy of Plaintiff's above-described SMAP acknowledgments as recorded in Defendants' online learning system…" | Hearsay (Fed. R. Evid. 801(c)); Lacks Foundation (Fed. R. Evid. 602); Evidence not properly authenticated (Fed. R. Evid. 901.<br><br>The document alleged to be a true and correct copy of the SMAP acknowledgments is an incomplete excerpt. | Sustained:_____<br><br>Overruled:_____<br><br><br><br><br>Sustained:_____<br><br>Overruled:_____ |

-18-

| | EVIDENCE OBJECTED TO: | GROUNDS FOR OBJECTION | RULING |
|---|---|---|---|
| | | Declarant provides no factual basis for her assertion it was *Plaintiff* who completed either of the Associate Acknowledgments or that he was the only person with the ability to do so.<br><br>Specifically, Declarant's declaration provides no facts as to: (1) when or how Plaintiff was provided the log-in credentials necessary to access the online learning system; (2) from where (IP address) and when (time of day) the Associate Acknowledgments were accessed; and (3) any processes preventing others from accessing the online learning system. In fact, Declarant herself asserts she has access to the system (¶ 2, lines 12-13). | |

-19-

| | **EVIDENCE OBJECTED TO:** | **GROUNDS FOR OBJECTION** | **RULING** |
|---|---|---|---|
| | | Declarant fails to attach as exhibits to her declaration the online learning system records which supposedly reflect that Plaintiff completed the Schneider Associate Acknowledgments on two separate occasions – first, on April 26, 2018, and then a second time on April 19, 2019 .<br><br>Declarant also fails to attach as exhibits to her declaration complete copies of the 2018 and 2019 Associate Acknowledgments upon which she bases her declaration. | |

DATE:  April 12, 2020                    PANITZ LAW GROUP, APC

By:_____
ERIC A. PANITZ
Attorney for Plaintiff
ALEJANDRO ROMERO

-20-

PLAINTIFF ALEJANDRO ROMERO'S WRITTEN OBJECTIONS TO EVIDENCE IN SUPPORT OF
DEFENDANT'S MOTION TO COMPEL ARBITRATION

# CERTIFICATE OF SERVICE

I, Eric A. Panitz, an employee in the County of Los Angeles, certify that on **April 12, 2020**, caused a true and correct copies of the foregoing be filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel who has registered for receipt of document(s)filed in this matter:

**PLAINTIFF ALEJANDRO ROMERO'S WRITTEN OBJECTIONS TO EVIDENCE IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION**

| _Counsel for Defendants:_ | |
| --- | --- |
| Sabrina A. Beldner<br>Amy. E. Beverlin<br>Ashley R. Li<br>Matthew C. Kane<br>McGuireWoods LLP<br>1800 Century Park East 8th Floor<br>Los Angeles, CA 90067<br>Phone: (310) 315-8200<br>Fax: (310)315-8210<br>sbeldner@mcguirewoods.com<br>abeverlin@mcguirewoods.com<br>ali@mcguirewoods.com<br>mkane@mcguirewoods.com | |

Dated: April 12, 2020                    PANITZ LAW GROUP APC

_____
ERIC A. PANITZ
18000 Studebaker Road, Suite 700
Cerritos, California 90703
Attorneys for Plaintiff
ALEJANDRO ROMERO

-21-

PLAINTIFF ALEJANDRO ROMERO'S WRITTEN OBJECTIONS TO EVIDENCE IN SUPPORT OF
DEFENDANT'S MOTION TO COMPEL ARBITRATION