**McGuireWoods LLP**
Matthew C. Kane (SBN 171829)
    Email: mkane@mcguirewoods.com
Sabrina A. Beldner (SBN 221918)
    Email: sbeldner@mcguirewoods.com
Amy. E. Beverlin (SBN 284745)
    Email: abeverlin@mcguirewoods.com
Ashley R. Li (SBN 317305)
    Email: ali@mcguirewoods.com
1800 Century Park East, 7th Floor
Los Angeles, CA  90067-1501
Telephone:  310.315.8200
Facsimile:  310.315.8210

Attorneys for Defendants
WATKINS AND SHEPARD TRUCKING, INC.
and SCHNEIDER NATIONAL CARRIERS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ROMERO, on his own behalf and on behalf of all other persons similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>WATKINS AND SHEPARD TRUCKING, INC., a Montana corporation, SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation, and DOES 1 through 100, inclusive,<br><br>        Defendants. | CASE NO. 5:19-cv-02158 PSG (KKx)<br><br>**REPLY DECLARATION OF JOHN DIAMOND IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION OF PLAINTIFF'S CLAIMS AND STAY PROCEEDINGS PENDING RULING ON MOTION AND COMPLETION OF ARBITRATION**<br><br>**Date:**     **May 4, 2020**<br>**Time:**    **1:30 p.m.**<br>**Crtrm:**   **6A**<br>**Judge:**   **Hon. Philip S. Gutierrez** |

129783443.3

# DECLARATION OF JOHN DIAMOND

I, JOHN DIAMOND, declare as follows:

1.      I am over 18 years of age.  The following information is true and of my own knowledge.  If called as a witness, I could and would competently testify thereto.

2.      I am the Manager, Information Security for Schneider National, Inc. and its subsidiaries (collectively, "Schneider"), which include Defendants Schneider National Carriers, Inc. ("SNC") and Watkins and Shepard Trucking, Inc. ("W&S") (collectively, the "Defendants").  I have held this role since November 2016, in which, at all relevant times, I have been and presently am responsible for leading the Information Security function for Schneider.  In this role, I am responsible for among other things, the management of technology protection for Schneider, including Defendants, as well as user account management for the Schneider employee portal and online learning systems used by Defendant.  In this role, I have knowledge of and am familiar with how Schneider employees, including those of Defendants, access and have accessed the Schneider employee portal and online learning system that they use to access those systems and to review and utilize online employee training modules and content, and the information security protections for the same.  I am also familiar with the operations, practices and procedures of the Schneider Support Center, which provides information technology support directly to Schneider employees, including those of Defendants.  These include, without limitation, when an individual requests to reset his or her password to use as part of their login credentials to access and use the Schneider employee portal or online learning system.

3.      In my capacity as Manager, Information Security, and in the course and

**REPLY DECLARATION OF JOHN DIAMOND IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION AND STAY PROCEEDINGS**

scope of my duties in that role, I have personal knowledge of how Schneider's systems used by employees, including those of Defendants, are secured and accessed by employees, including the Schneider employee portal and online learning system. I also have knowledge of how Schneider employees, including those of Defendants, contact the Schneider Support Center, the operations of that Support Center, and the processes and procedures that are followed when requests are made by employees for assistance from the Support Center, including with respect to requests to reset the employee's password used to access the employee portal and online learning system.

4.     The documents referenced in and attached to this declaration are maintained in the ordinary course of Schneider's business and reflect true and correct copies of documents created or acknowledged by Schneider employees, contractors or other persons with a business duty to do so, with personal knowledge of the records or events stated therein, and at or near the time of the events reflected therein.

5.     From at least November 2017 to the present, support requests could be made by employees by calling the Support Center for assistance. All such calls to the Support Center are contemporaneously logged into its support ticket log database, which I can access in my role with Schneider and which I have accessed for purposes of providing this declaration. Telephone calls made by employees to the Support Center are assigned to a Support Center agent who contemporaneously initiates the creation of a support call ticket with its own unique six-digit Incident Number, and then handles and resolves the technology support issue with the employee who called. The support ticket is logged into the support ticket log database under the name of the employee who has placed the call into the Support Center. The standard operating procedures implemented by Schneider and which apply to the Support Center require that any Support Center agent handling a support call must contemporaneously record

**REPLY DECLARATION OF JOHN DIAMOND IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION AND STAY PROCEEDINGS**

DocuSign Envelope ID: B083EC5A-9A4B-435F-B2B4-26E83D706D48

the details of his or her handling of the support issue in the support call ticket log database by recording, among other things, the name of the employee who made the support call, the technology support issue the employee called about, and the actions taken to resolve the issue. The times the support call ticket are opened and resolved are automatically generated data fields on the ticket.

6.     From approximately August 2012 to the present, Schneider's Support Center has been operated by an outsourced, third-party vendor, Onshore Outsourcing ("Onshore"). Onshore provides the Support Center agents who receive, handle and resolve employee support calls made to the Support Center, and those agents provide Support Center assistance services from Onshore call centers located in Macon, Missouri and Glenville, Georgia. The phone lines and the support call ticket log database used by Onshore to provide its Support Center assistance services are the property of Schneider, but Onshore implements and follows Schneider's information security procedures and protocols in providing Support Center assistance services, which are established by my department.

7.     Schneider employees, including those of Defendants, are instructed that their unique information security credentials (namely, their unique Employee Identification Number and password) used to access the Schneider employee portal must be kept confidential, should not be shared with anyone else, and that the employee should change his or her password if anyone else knows or has access to it. These expectations are set out in Schneider's written Password Policy that is available on the employee portal, and which has applied to all Schneider employees, including those of Defendants, who have online access to Schneider systems, including the employee portal. A true and correct copy of that Password Policy is attached hereto as Exhibit 4.

8.     When an employee calls the Support Center for assistance, the employee is identified as the "customer" on the support call ticket that is generated and logged for the call, and the support call ticket is logged in the support ticket log database under the name of that employee.  When a driver employee calls the Support Center, the driver is required to provide his or her unique six-digit Employee Identification Number and the name of the his or her direct manager to the Support Center agent in order to confirm their identity.  Once a driver employee's identity has been confirmed, if the employee is requesting to have his or her password reset, the Support Center agent will use a random password generator to generate a new password, and will provide the new password directly to the employee over the phone.  At no point is the new password recorded in the support ticket, logged into the support ticket log database, or provided to the employee's manager.  Rather, when a password is reset and an employee is given their new password, the Support Center agent is required to and does instruct the employee that he or she should change it themselves the first time that they use it to log into the employee portal.

9.     When or if a manager contacts the Support Center for information technology support on behalf of a direct report employee, the support ticket that is generated is required to reflect the manager's name as the "customer" who made the call and be logged into the support ticket log database under that manager's name per Schneider's Support Center procedures.  However, the name of the direct report employee about whom the manager is calling is reflected in the Details or Additional Notes section of the ticket.

10.    I have caused to be retrieved and have personally reviewed a summary report of Plaintiff Alejandro Romero's Support Center support tickets logged under his

129783443.3

4

**REPLY DECLARATION OF JOHN DIAMOND IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION AND STAY PROCEEDINGS**

1  name in the support ticket log database for the period of time between November 2,
2  2017 and April 19, 2019, a true and correct copy of which is attached hereto as Exhibit
3  5.

4

5       11.     Schneider's support ticket log database records reflect that Plaintiff called
6  the Support Center on April 26, 2018 at approximately 8:39 p.m. CST, and that
7  telephone call led to the creation of a support ticket by a Support Center agent named
8  Levi Donley, which was logged under Plaintiff's name and assigned Incident Number
9  326197.  The Support Center agent recorded in the logged support ticket that the
10 purpose of Plaintiff's call to the Support Center was to reset his password.  Mr. Donley,
11 who is no longer employed by Onshore, completed the ticket a few minutes later.
12 Attached hereto as Exhibit 6 is a true and correct copy of a screenshot of Ticket Number
13 326197 setting forth the foregoing information.

14

15      12.     A detailed log of inbound calls made to the Support Center are maintained
16 by Schneider for a period of 12-18 months, and periodically purged.  For purposes of
17 making this declaration, I caused a log of all inbound telephone calls made to the
18 Support Center to be retrieved from Schneider's Avaya phone system used by the
19 Support Center, and I have personally reviewed that call log.  The currently-available
20 inbound call log details for the Support Center only goes back to early 2019 and,
21 therefore, there are no call log details for the April 26, 2018 call to the Support Center
22 made by Plaintiff.

23

24      13.     In my role with Schneider, I have access to certain human resources
25 information systems which identify each employee's direct supervisor, and I have
26 personally reviewed those records with regard to Plaintiff for purposes of this
27 declaration.   Those information systems reflect that Plaintiff was supervised by

28

**REPLY DECLARATION OF JOHN DIAMOND IN FURTHER SUPPORT OF DEFENDANTS' MOTION
TO COMPEL INDIVIDUAL ARBITRATION AND STAY PROCEEDINGS**

Veronica Bellot as of April 26, 2018. I have personally reviewed Ms. Bellot's Support Center support call ticket log activity from March 7, 2018 through July 9, 2018, and her support ticket log history does not contain any tickets for calls she made to the Support Center in connection with support requests pertaining to Plaintiff including, without limitation, any requests by Ms. Bellot to reset Plaintiff's password.

14.     Schneider's support ticket log database records reflect that on February 23, 2019, Plaintiff called the Support Center to reset his password. The support ticket log database reflects that this call was initiated at approximately 11:40 p.m. CST, and a support ticket assigned Incident Number 470873 was created by Onshore employee Chance Shook, who is a Team Lead for Onshore who works on the Schneider Support Center. In that support ticket, Ms. Shook recorded that the "Call Source" was the "phone," meaning that her communications with Plaintiff took place over the phone. She also recorded a telephone number in the "Additional Contact Information" for Plaintiff of "562-307-4750." Attached hereto as Exhibit 7 is a true and correct copy of a screenshot of this support ticket setting forth the foregoing information.

15.     The detailed log of inbound phone calls made to the Support Center that I caused to be retrieved, as described above, reflects that on February 23, 2019, an inbound call was received by the Support Center from 562-307-4750 that started at 11:38:51 p.m. CST, was connected to Ms. Shook, and it lasted four minutes and 22 seconds. Attached hereto as Exhibit 8 is a true and correct copy of an excerpt of the call log described above showing this inbound call detail.

16.     The Support Center ticket log database reflects that Plaintiff's February 23, 2019 call was the last contact Plaintiff had with the Support Center at any time prior to April 19, 2019 for purposes of resetting his password.

DocuSign Envelope ID: B083EC5A-9A4B-435F-B2B1-26E83D706D48

17.   Additionally, I have reviewed the information systems records with regard to Plaintiff to determine who his supervisor was as of February 23, 2019, and those records reflect that Plaintiff was supervised by Michael Allen Jenquin from January 31, 2019 to April 19, 2019.  I have personally reviewed Mr. Jenquin's Support Center support ticket log activity from July 1, 2017 through August 2019, and his support ticket log history does not contain any Support Center calls pertaining to Plaintiff including, without limitation, any requests to reset Plaintiff's password.

18.   Schneider's Support Center support ticket log database records reflect that on March 2, 2019, Plaintiff called the Support Center for assistance with an attempt by him to enter vacation time via the employee portal.  The support ticket log database reflects that this call was initiated at or around 12:04 a.m. CST, and that a support ticket assigned Incident Number 474112 was generated by Ms. Shook, who handled this call from Plaintiff as well.  In the support ticket for this call, Ms. Shook recorded that the "Call Source" was the "phone," meaning that her communications with Plaintiff on March 2, 2019 took place over the phone.  She also recorded a telephone number in the "Additional Contact Information" for Plaintiff of "562-307-4750."  She further noted in the "Details" and "Additional Notes" sections in the support ticket that Plaintiff informed her he was trying to request vacation time and was getting a message that his hours were not sufficient.  Attached hereto as Exhibit 9 is a true and correct copy of a screenshot of this support ticket setting forth the foregoing information.

19.   For an employee to request or enter vacation hours via the employee portal, he or she would have to already be logged into the Schneider employee portal.  Accordingly, the nature of the call from Plaintiff on March 2, 2019 confirms that, as of March 2, 2019, Plaintiff knew and was using his then-current password to access the employee portal for employment-related purposes.

20.     The detailed log of inbound phone calls made to the Support Center that I caused to be retrieved, as described above, reflects that one call was received on March 2, 2019 from 562-307-4750 that started at 12:02:40 CST, and that call was connected to Ms. Shook and lasted for three minutes and 56 seconds.  Attached hereto as Exhibit 10 is a true and correct copy of an excerpt of the call log described above showing this inbound call detail.

21.     The Support Center support ticket log database history for Plaintiff confirms that Plaintiff did not contact the Support Center at any time between March 2, 2019 and April 19, 2019 for purposes of resetting his Schneider password (*see* Exh. 5), and that the last password reset request for Plaintiff prior to April 19, 2019 was the password reset handled by Ms. Shook on February 23, 2019.

22.     The Support Center support ticket log database does not contain any support tickets reflecting any calls to reset Plaintiff's password made by anyone other than Plaintiff at any time.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on April 20, 2020, at Green Bay, Wisconsin.


DocuSigned by:
A7287C13D3C14CA...

JOHN DIAMOND

DocuSign Envelope ID: B083EC5A-0A4D-435F-B2B1-26E93D706D48

EXHIBIT 4

# PASSWORD POLICY

## OVERVIEW

Passwords are an important aspect of information security. Poorly chosen passwords and poor management of passwords may result in unauthorized access and/or exploitation of Schneider resources.

## PURPOSE

The purpose of this policy is to establish a standard for password creation and management for all types of user accounts.

## SCOPE

This policy applies to passwords for system, application and network login accounts for both Schneider and non-Schneider-managed systems accessed on behalf of Schneider to perform job duties. All associates, contractors, consultants, temporary, contingent and other workers, regardless of position who use or create login accounts to access both Schneider and non-Schneider systems must adhere to this policy.

*The owner of an account is responsible for anything that the account is used for.*

This policy applies to password management of the following user account types:
- Standard user accounts
- Service accounts
- Privileged accounts

## POLICY

This is a general policy for Schneider as it relates to the construction and protection of password credentials used to access systems maintained or owned by Schneider. This policy provides guidance to users on how to construct strong, strong passwords that meet or exceed the password requirements.

### PASSWORD CONSTRUCTION REQUIREMENTS

Each of the following are required when constructing a Password
- Minimum 8 characters
- Combination of any three of the following:
  - Lower Case Letter
  - Upper Case Letter
  - Number
  - Special Character

| | |
|---|---|
| Uppercase letters | A, B, C |
| Lowercase letters | a, b, c |
| Numbers | 0, 1, 2, 3, 4, 5, 6, 7, 8, 9 |
| Special Characters | ` ~ ! @ # $ % ^ & * ( ) _ - + = { } [ ] \ | : ; " ' < > , . ? / |

### PASSWORDS FOR LEGACY SYSTEMS

For legacy, proprietary, and/or third-party systems that cannot meet these standards, the most restrictive password policy allowed for the environment should be implemented. Any system that cannot meet password complexity must seek approval as an exception.

*Any exceptions must be approved by the VP of Tech Services*

### PASSWORD CHANGE

The password must be changed upon first use of a user account. The maximum password age for each account type is as follows:
- Standard and Privileged accounts – passwords must be reset at least every 90 days.
- Service account – password must be reset at least once every 6 months

EXHIBIT 4

DocuSign Envelope ID: B083EC5A-0A4D-435F-B2B1-26E93D706D48

EXHIBIT 4

## PASSWORD POLICY – CONTINUED

**PASSWORD CONFIDENTIALITY & PROTECTION**
- All passwords must be treated as sensitive, confidential Schneider information.
- You are expected to protect the security of passwords by managing them responsibly.
- Do not share your passwords with anyone.
- Do not write down your passwords.
- Do not store or transmit passwords in plain text.
- Do not reveal passwords in chat or email.
- Do not discuss passwords in front of others.
- Do not use the same password for Schneider accounts that you use for personal accounts (social media sites, personal email, banking, retirement, etc.).
- Do not enable the remember password feature of applications or web sites.
- If you suspect someone else may know or have access to your password, change the password immediately.

## ENFORCEMENT

An individual found to have violated this policy, may be subject to disciplinary action, up to and including termination of employment. A violation of this policy by a non-associate (temporary worker, contractor, or vendor) may result in the termination of their contract or assignment with Schneider.

Information Security will verify compliance to this policy through various methods. Password checking may be performed periodically. If a password is found that does not meet the requirements in this policy, the user/owner will be required to change it. If you are unsure about what constitutes a strong password or you suspect an account or password has been compromised, contact Information Security.

## REPORTING PROCEDURE

If you observe a violation of this policy, contact your manager, HRBP, or Information Security.

## DEFINITIONS

**Application Development** – The act of programming or writing source code for applications/software.

**Encryption** – The process of encoding information in such a way that eavesdroppers or hackers cannot read it but the authorized parties can.

**Information Security** – Information security refers to protecting information and information system for unauthorized access, use, disclosure, disruption, modification or destruction.

**Legacy System** – An older computer system or application that may not support current standards or requirements

**Password** – An arbitrary string of characters that is used to authenticate an account when attempting to log on, in order to prevent unauthorized access to the account.

**Privileged Account: –** An account that can be assigned to a user on any system that has system privileges beyond those of a standard user. Root, local administrator, domain admin and enable passwords are all examples of privileged accounts that have elevated access beyond that of a normal user.

**Service Account –** An account that is used to run a specific process or system service. A Service account is not logged onto interactively.

**Standard User Account** – A unique user account assigned to a specific individual which provides access to a computer system or network. Also frequently called a *User ID*.

**Strong password** – A password that is not easy to guess or be discovered in a short period of time either through the use of specialized software.

**System Administration** – The act of installing, supporting and maintaining servers or other computer systems that are accessed by other people, systems, or services.

EXHIBIT 4

## PASSWORD POLICY – CONTINUED

**Third Party System** – An auxiliary system supplied by an entity other than the primary manufacturer.

**User:** Any Schneider employee or contingent worker who has been authorized to access a system or application.

## APPENDIX

## APPENDIX A:  SYSTEM ADMINISTRATION & APPLICATION DEVELOPMENT

All system-level default passwords (Windows Administrator, Domain Administrator, root, enable, etc.) must be changed upon install and every six months thereafter. All system-level passwords must be stored in a secure software database (PasswordSafe, KeyPass, etc.). Access to this database must be controlled. Systems that store or transmit passwords must use secure authentication and authorization methods. Personally identifiable account credentials must be used to access systems and confidential information. Where possible, the password field must be configured to hide the password entered. Do not store passwords un-encrypted or in a hidden variable or form element.

---

*Owner:  Information Security*
*Created:  9/8/2014*
*Last Revised: 4/1/2018*
*Last Reviewed: 1/24/2020*
*Valid date and time printed/saved only – refer to Compass for current version.  For internal associate use only.  Do not share or distribute externally.*

EXHIBIT 4



EXHIBIT 5



EXHIBIT 6



EXHIBIT 6



EXHIBIT 7

DocuSign Envelope ID: B083EC5A-9A4D-435F-B2B1-26E93D706D48

EXHIBIT 7



EXHIBIT 7



**Filter**

All calls on 2/23/2019 and **Started** between 23:35:00-23:45:59

Save  Reset  Edit

Search Results: 23 calls found

Print  Export

Previous  1  Next

| ICON | START TIME | CALL TYPE | RESULT | DURATION | NUMBER | AGENT | QUEUE | EXTENSION | TRUNK |
|---|---|---|---|---|---|---|---|---|---|
| | 2/23/2019 23:35:46 | Incoming | Answered | 0:02:15 | | | | | |
| | 2/23/2019 23:35:52 | Incoming | Answered | 0:02:51 | | | | | |
| | 2/23/2019 23:36:03 | Incoming | Answered | 0:04:03 | | | | | |
| | 2/23/2019 23:37:49 | Incoming | Answered | 0:03:02 | | | | | |
| | 2/23/2019 23:38:16 | Outgoing | Answered | 0:01:00 | | | | | |
| | 2/23/2019 23:38:11 | Incoming | Answered | 0:00:44 | | | | | |
| | 2/23/2019 23:38:41 | Incoming | Answered | 0:02:32 | | | | | |
| | 2/23/2019 23:38:50 | Incoming | Answered | 0:00:57 | | | | | |
| | 2/23/2019 23:38:51 | Incoming | Answered | 0:04:22 | (562)307-4750 | 1021003 Shook, Chance (246729) | 5981145 Driver Events Helpdesk 145 (0145) | x5924014 Auto Attend7010; x5922600 Telematics; x1031003 Shook, Chance ONE X AGENT | 1:82 Green Bay LD 1-1 82 |
| | 2/23/2019 23:39:18 | Incoming | Answered | 0:13:22 | | | | | |
| | 2/23/2019 23:39:30 | Incoming | Answered | 0:02:24 | | | | | |
| | 2/23/2019 23:39:56 | Outgoing | Answered | 0:01:13 | | | | | |
| | 2/23/2019 23:39:58 | Incoming | Answered | 0:01:11 | | | | | |
| | 2/23/2019 23:40:00 | Incoming | Answered | 0:02:45 | | | | | |
| | 2/23/2019 23:40:10 | Outgoing | Answered | 0:12:58 | | | | | |
| | 2/23/2019 23:40:35 | Outgoing | Answered | 0:04:36 | | | | | |
| | 2/23/2019 23:40:47 | Incoming | Answered | 0:03:26 | | | | | |
| | 2/23/2019 23:41:23 | Outgoing | Answered | 0:01:14 | | | | | |
| | 2/23/2019 23:43:07 | Incoming | Answered | 0:01:16 | | | | | |
| | 2/23/2019 23:44:21 | Incoming | Abandoned | 0:02:12 | | | | | |
| | 2/23/2019 23:44:58 | Outgoing | Answered | 0:04:25 | | | | | |

EXHIBIT 8



EXHIBIT 9

EXHIBIT 9



View Detailed Date/Time Information
View Related Knowledge      Declare Security Incident

**Major Incident Actions**
Declare as Major Incident
Link to Major Incident
Create New Linked Incident for Major Incident
Send Message to Linked Incidents

**Task Actions - Incident Currently Has No Tasks**
Event Escalation Task      Withdraw Open Tasks
Create Task from CKCS Article
Create a Problem Form    IT Support Email Templates

**Next Update**
Date Time for next status check:

**Pending Details - Incident Not Pending**

**Other Incident Actions**
☑ No Active Event

Category: Portal
Problem Type: Not Working Properly
Priority: 5          Impact: Minor/Localized
                    Urgency: Low                          ☐ NDA

**Specifics**

**Identification**
Browser:
URL:

**Key Factors**
Has Worked        ○ Yes ○ No        Access to Alternative Device   ○ Yes ○ No
Repeatable        ○ Yes ○ No              Others Affected   ○ Yes ○ No
SNI Network       ○ Yes ○ No
On SNI Asset      ○ Yes ○ No        Screen Shot Attached   ○ Yes ○ No

[Begin Work]

**Resolution**

Cause: Application              Resolved Using Scenario:
                               Resolved By: Shook, Chance
                               Resolved On: Saturday, March 2, 2019

Resolution:
advised driver to speak with manager regarding this

Customer Communication:
Hello,

You had reported an issue regarding entering in vacation time. You will need to speak with your manager regarding this issue.

Please let us know if you require any additional assistance.
Chance

○ Verified By Contact   ○ Verified By Indicator   ○ Not Verified   ● Verified by Knowledge Article

**Resolution Checklist**
✔ CI Identified        ✔ Resolution Verified
✔ Tasks Closed         ✔ Resolution Captured

[Suspend Work]                          [Make KB Article]
                                        [ReOpen Incident]

EXHIBIT 9

DocuSign Envelope ID: B083EC5A-9A4D-435F-B2B1-26E93D706D48

EXHIBIT 10



EXHIBIT 10