**McGuireWoods LLP**
Matthew C. Kane (SBN 171829)
  Email: mkane@mcguirewoods.com
Sabrina A. Beldner (SBN 221918)
  Email: sbeldner@mcguirewoods.com
Amy. E. Beverlin (SBN 284745)
  Email: abeverlin@mcguirewoods.com
Ashley R. Li (SBN 317305)
  Email: ali@mcguirewoods.com
1800 Century Park East, 7th Floor
Los Angeles, CA  90067-1501
Telephone:  310.315.8200
Facsimile:  310.315.8210

Attorneys for Defendants WATKINS AND SHEPARD TRUCKING, INC. and SCHNEIDER NATIONAL CARRIERS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ROMERO, on his own behalf and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WATKINS AND SHEPARD TRUCKING, INC., a Montana corporation, SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 5:19-cv-02158-PSG (KKx)<br><br>**DEFENDANTS' OBJECTIONS TO AND REQUEST TO STRIKE OR DISREGARD  PLAINTIFF'S UNAUTHORIZED AND IMPROPER RESPONSES TO REPLY STYLED AS (1) WRITTEN OBJECTIONS TO PORTIONS OF DEFENDANTS' REPLY BRIEF [Dkt. #20] AND (2) RESPONSE TO DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE [Dkt. #22]**<br><br>Date:     May 4, 2020<br>Time:     1:30 p.m.<br>Crtrm:    6A<br>Judge:    Hon. Philip S. Gutierrez |

130174027.3

Defendants Watkins and Shepard Trucking, Inc. and Schneider National Carriers, Inc. (collectively, "Defendants") hereby object to and request that the Court strike or disregard Plaintiff Alejandro Romero's unauthorized and improper responses to Defendants' Reply [Dkt. #19], which he has surreptitiously styled as: (1) Plaintiff's Written Objections to Portions of Defendants' Reply Brief on the Basis That It Is Not Supported By the Evidence Provided and Citations to That Evidence Are Likely to Mislead the Court (hereinafter, the "Objections to the Reply") [Dkt. #20]; and (2) Plaintiff's Written Response to Defendants' Response to Plaintiff's Objections to Evidence in Support of Defendants' Motion to Compel Arbitration (hereinafter, the "Response to Response to Evidentiary Objections") [Dkt. #22].

To that end, on Monday, April 20, 2020, Defendants filed their Reply in Further Support of Motion to Compel Individual Arbitration of Plaintiff's Claims and Stay Proceedings Pending Ruling on Motion and Completion of Arbitration (the "Reply"). *See* L.R. 7-10 (setting forth timing for filing reply briefs). Three days later, in the early morning hours of April 23, 2020, Plaintiff then filed *three* documents in *response* to the *Reply*, including his so-called Objections to the Reply and Response to Response to Evidentiary Objections. *See* Dkt. #20-#23. These filings patently violate L.R. 7-10, which provides, in relevant part, that "[a]bsent written order of the Court, **the opposing party** [here, Plaintiff] **shall not file a response to the reply**." L.R. 7-10 (emph. added).[1] Both the Objections to the Reply

---

[1] Courts within this district **routinely** strike a response to a reply filed without the Court's prior written consent. *See, e.g.*, *Bey v. Geiser*, 2019 WL 4422678, at *1 n.1 (C.D. Cal. July 24 2019) (Bernal, J.) (striking sur-reply filed by plaintiff without leave of court in response to defendant's motion to dismiss); *California Pharmacy Mgmt., LLC v. Redwood & Cas. Ins. Co.*, 2009 WL 3514571, at *11 (C.D. Cal. Oct. 26, 2009) (Carter, J.) (same); *see also, e.g.*, *Experian Information Solutions, Inc. v. LifeLock, Inc.*, 2009 WL 10699438, at *1 (C.D. Cal. Aug. 28, 2009) (Guilford, J.) (declining to consider supplemental brief filed by moving party in support of motion without leave of court). Notably, L.R. 7-10 does not *only* prohibit an opposing party from filing a response to a reply actually identified as a supplemental brief or sur-reply; **it prohibits an opposing party from filing *any document in response to a reply* absent the Court's prior written consent**. *See, e.g.*, *Shinde v. Nithyananda Found.*, 2013 WL 1953707, at *2 (C.D. Cal. May 10, 2013) (Bernal, J.) (declining to

and the Response to Response to Evidentiary Objections constitute *responses to the Reply* filed *without leave of Court* (and additional sur-reply briefs in opposition to Defendants' Motion). *See, e.g.*, *Moreno v. Baca*, 2002 WL 338366, at *2 n.3 (C.D. Cal. Feb. 25, 2002) (Collins, J.).

First, Plaintiff's Objections to the Reply are, on their face, a sur-reply response to Defendants' Reply. *See* Dkt. #20. Indeed, Plaintiff *admits* that he is "objecting" *to portions of the Reply* "on the basis that [those portions] are not supported by the evidence provided and citations to that evidence are likely to mislead the Court." *See id.*, p. 1. He then proffers *argument* as to why he believes that certain of Defendants' arguments made in its Reply are not supported by evidence. *See id.*, pp. 2-3. Plaintiff's so-called Objections to the Reply are "plainly a sur-reply" filed without leave of court, which is **prohibited** by L.R. 7-10. *See von Saher v. Norton Simon Museum of Art at Pasadena*, 862 F.Supp.2d 1044, 1045 n.1 (C.D. Cal. 2012) (Walter, J.), *rev'd and remanded on other grounds*, 754 F.3d 712 (9th Cir. 2014) (finding "Objections to Certain Portions of Defendants' Reply Brief" was "plainly a sur-reply, which is flatly prohibited by the Local Rules," and striking the filing); *see also Moreno*, 2002 WL 338366, at *2 n.3 (denying motion to strike portions of the reply on the ground that it was an "improper filing" under L.R. 7-10). Accordingly, the Objections to the Reply should be stricken.

Similarly, Plaintiff's Response to Response to Evidentiary Objections is plainly a surreptitious sur-reply setting forth further argument in opposition to Defendants' Motion. *See* Dkt. #22. In further support of his evidentiary objections filed with his Opposition [Dkt. #16], and in further opposition to Defendant's

---

consider second request for judicial notice filed by the plaintiff in response to reply on the grounds that L.R. 7-10 prohibited the plaintiff "from filing *a* response to a reply absent the Court's prior written consent"); *A-1 Transmission Auto. Tech., Inc. v. AMCO Ins. Co.*, 2012 WL 1534466, at *3 (C.D. Cal. Apr. 27, 2012) (Lew, J.) (striking proposed order "that [was] the equivalent of a surreply" filed in response to reply as "a violation of Local Rule 7-10").

130174027.3

2

**DEFENDANTS' OBJECTIONS TO AND REQUEST TO STRIKE OR DISREGARD PLAINTIFF'S UNAUTHORIZED AND IMPROPER RESPONSES TO REPLY**

Motion, Plaintiff uses the Response to Response to Evidentiary Objections to argue that Defendants' evidence submitted in support of its Motion "cannot justify their motion to compel arbitration." *See, e.g.*, Dkt. #22 at 8:9-11. For example, with respect to Plaintiff's Objection No. 2, Defendants responded that Plaintiff's *evidentiary objections* did not dispute the authenticity of records from Defendants' online learning system proffered in Ms. Prestine-Dommer's declaration. *See id.*, pp. 4-9. In his "response to response," Defendant *cites to and quotes from his Opposition*. *Id.* at 8:12-9:15. At a minimum, the Response to Response to Evidentiary Objections is *a response to Defendants' Reply*, which was filed without leave of Court, and it should be stricken as such. *See, e.g.*, *A-1 Transmission Auto. Tech., Inc.*, 2012 WL 1534466, at *3 (striking proposed order filed in response to reply that was "the equivalent of a surreply").

For the foregoing reasons, Defendants respectfully request that the Court **strike** (or, at the very least, disregard) Plaintiff's unauthorized and improper responses to Defendants' Reply, styled as the Objections to the Reply [Dkt. #20] and Response to Response to Evidentiary Objections [Dkt. #22].

DATED:  April 24, 2020　　　　　　　　M<small>C</small>G<small>UIRE</small>W<small>OODS</small> LLP

By: /s/ Matthew C. Kane
　　Matthew C. Kane
　　Sabrina A. Beldner
　　Amy E. Beverlin
　　Ashley R. Li

Attorneys for Defendants

130174027.3

3

**DEFENDANTS' OBJECTIONS TO AND REQUEST TO STRIKE OR DISREGARD PLAINTIFF'S UNAUTHORIZED AND IMPROPER RESPONSES TO REPLY**