UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | EDCV 19-2158 PSG (KKx) | Date | July 10, 2020 |
| Title | Alejandro Romero v. Watkins and Shepard Trucking, Inc. et al | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   Order GRANTING Defendants' motion to compel arbitration

Before the Court is Defendants Watkins and Shepard Trucking, Inc. and Schneider National Carriers, Inc.'s ("Defendants") motion to compel arbitration. *See* Dkt. # 12 ("*Mot.*"). Plaintiff Alejandro Romero ("Plaintiff") opposes the motion, *see* Dkt. # 15 ("*Opp.*"), and Defendants replied, *see* Dkt. # 19 ("*Reply*"). The Court also ordered Plaintiff to file a surreply, and Defendants to file a sur-surreply; that briefing is now complete. *See* Dkts. # 26 ("*Surreply*"), 27 ("*Sur-surreply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **GRANTS** Defendants' motion.

I.   Background

This is an employment case.[1] Plaintiff worked for Defendants as a delivery truck driver, delivering furniture and carpets from across the country throughout California. *See Declaration of Alejandro Romero*, Dkt. # 15-1 ("*Romero Decl.*"), ¶ 2. Defendants hired Plaintiff in 1997 and terminated him in August 2019. *Id.*

As part of his employment, Defendants required Plaintiff to use an online learning system where, among other things, he completed certain acknowledgements. *See Declaration of Theresa Prestine-Dommer*, Dkt. # 12-1 ("*Prestine-Dommer*"), ¶ 4. To access the online learning system, Plaintiff had to enter his unique employee identification number and his unique

---

[1] As a preliminary matter, both parties assert evidentiary objections. *See* Dkts. # 16, 19-6. To the extent that the Court relies on objected-to evidence, it relies only on admissible evidence and, therefore, the objections are overruled. *See Godinez v. Alta-Dena Certified Dairy LLC*, No. CV 15-01652 RSWL (SSx), 2016 WL 6915509, at *3 (C.D. Cal. Jan. 29, 2016).

Case 5:19-cv-02158-PSG-KK   Document 28   Filed 07/10/20   Page 2 of 13   Page ID #:444

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-2158 PSG (KKx) | Date | July 10, 2020 |
|---|---|---|---|
| Title | Alejandro Romero v. Watkins and Shepard Trucking, Inc. et al | | |

password. *See id.* In both 2018 and 2019, Plaintiff completed his "Associate Acknowledgements" for the year, which included the Schneider Mediation & Arbitration Policy (the "SMAP"). *See id.* ¶¶ 7, 10, 11, Ex. A ("*2018 SMAP*"), Ex. B ("*2019 SMAP*"). To complete his four acknowledgements, including the SMAPs, Plaintiff had to select "I Agree" four times, indicating that he had read the acknowledgment and agreed to it. *See id.* ¶ 13. Plaintiff states that he does not remember agreeing to the SMAPs, but Defendants have provided copies of the SMAPs from Plaintiff's account with "I Agree" selected. *See id.* ¶¶ 10, 11; *Romero Decl.* ¶ 7.

The SMAPs set out the terms for resolving disputes between Plaintiff and Defendants. They advise the employee that they waive their right to bring claims in court and behalf of other individuals in a collective action. *See 2018 SMAP*; *2019 SMAP*. The SMAPs also set out mandatory, individual, and binding final arbitration as the exclusive avenue through which to bring any employment-related disputes. *See 2018 SMAP*; *2019 SMAP*. The 2019 SMAP, which supersedes the 2018 SMAP, provides that the FAA shall govern it and that the parties "waive the application or enforcement of any provision of the FAA which would otherwise exclude this SMAP from its coverage." *See 2019 SMAP*. But it also provides that if FAA does not govern, "the laws of the State of Nevada . . . will be the applicable state law, without regard to or application of any conflict of laws principles." *See id.* Finally, the SMAPs contained a provision allowing Plaintiff to opt-out within thirty days. *See 2018 SMAP*; *2019 SMAP*.

In September 2019, Plaintiff filed a putative class action in San Bernardino Superior Court. *See Complaint*, Dkt. # 1-1 ("*Compl.*"). He asserts causes of action under Cal. Lab. Code § 1401 and the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 et seq. *See generally id.* Plaintiff seeks to represent both a California and a nationwide class of Defendants' similarly situated former employees who were terminated in August 2019. *See id.* ¶¶ 6, 15. Defendants then removed the action to this Court in November 2019. *See generally Notice of Removal*, Dkt. # 1 ("*NOR*").

Defendants now move to compel Plaintiff to arbitration pursuant to the SMAPs.

II.     Legal Standard

"The 'principal purpose' of the FAA [Federal Arbitration Act] is to 'ensur[e] that private arbitration agreements are enforced according to their terms.'" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (quoting *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989)). The FAA states that written arbitration

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-2158 PSG (KKx) | Date | July 10, 2020 |
|---|---|---|---|
| Title | Alejandro Romero v. Watkins and Shepard Trucking, Inc. et al | | |

agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

The FAA allows "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." *Id.* § 4. "Because the FAA mandates that 'district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed[,]' the FAA limits courts' involvement to 'determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)) (emphasis in original). When deciding whether a valid arbitration agreement exists, courts generally apply "ordinary state-law principles that govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Any doubts about the scope of arbitrable issues must be resolved in favor of arbitration. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

If an arbitration agreement exists and covers the dispute at issue, section 4 of the FAA "requires courts to compel arbitration in accordance with the terms of the agreement." *Concepcion*, 563 U.S. at 344 (internal quotation marks omitted).

III. Discussion

    A. Choice of Law

As an initial matter, the parties disagree over whether California or Nevada law applies here. The 2019 SMAP states that "the laws of the State of Nevada . . . will be the applicable state law, without regard to or application of any conflict of laws principles."[2] *See 2019 SMAP*. Defendants assert jurisdiction here based on the Class Action Fairness Act ("CAFA"), a form of diversity jurisdiction. *See NOR* ¶¶ 12–17. A "federal court sitting in diversity ordinarily must follow the choice-of-law rules of the State in which it sits." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 65 (2013). Accordingly, the Court will look to California choice of law rules.

---

[2] The Court applies the provisions of the 2019 SMAP, rather than the 2018 SMAP, because the 2019 SMAP "supersedes and replaces all prior policies or agreements providing for arbitration of any Covered Disputes between any [Plaintiff] and [Defendants]." *See 2019 SMAP*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-2158 PSG (KKx) | Date | July 10, 2020 |
|---|---|---|---|
| Title | Alejandro Romero v. Watkins and Shepard Trucking, Inc. et al | | |

The California Supreme Court has ruled that when determining the "enforceability of a contractual choice-of-law provision . . . California courts shall apply the principles set forth in Restatement section 187, which reflect a strong policy favoring enforcement of such provisions." *Nedlloyd Lines B.V. v. Super. Ct.*, 3 Cal. 4th 459, 464–65 (1992). Courts should first assess: (1) "whether the chosen state has a substantial relationship to the parties or their transaction," and (2) "whether there is any other reasonable basis for the parties' choice of law." *Id.* at 466. If either test is met, the Court should enforce the choice of law provision unless (1) "the chosen state's law is contrary to a *fundamental* policy of California" and (2) California has a "materially greater interest than the chosen state in the determination of the particular issue." *See id.* (emphasis in original) (internal quotation omitted).

The Court is satisfied that Nevada has a substantial relationship to the parties such that it should apply Nevada law to the 2019 SMAP. A state has a "substantial relationship" with parties that are domiciled, reside, or are incorporated in the state, and such a relationship also provides a "reasonable basis" for a contractual provision requiring application of the state's laws. *Id.* at 467. Because Defendant Schneider National was incorporated in Nevada at the time of contracting, the Court concludes the parties had a "reasonable basis" for selecting Nevada law to govern their contract. *See Consul Ltd. v. Solide Enterprises, Inc.*, 802 F.2d 1143, 1147 (9th Cir. 1986) ("If one of the parties resides in the chosen state, the parties have a reasonable basis for their choice."); *see also Davis v. CACH, LLC*, No. CV 14-3892 BLF, 2015 WL 913392, at *4 (N.D. Cal. Mar. 2, 2015) (analyzing a Nevada choice of law provision in a Cardmember Agreement between plaintiff and a bank and determining that Nevada had a substantial relationship to the parties or transaction because the bank "was based there when the parties entered into the contract").

Plaintiff makes two unavailing arguments as to why the Court should instead apply California law. First, he contends that the 2019 SMAP contravenes California Labor Code § 925, which provides that a choice of law provision is voidable where an employee was required to agree to the provision as a condition of employment. *See Opp.* 17–18; Cal. Lab. Code § 925. But Defendants did not require Plaintiff to agree to the SMAP as a condition of employment because, as clearly delineated in the SMAP, he could have opted out. *See 2019 SMAP*. This argument accordingly fails.

Plaintiff also argues that Nevada law is contrary to California's fundamental policy regarding class action waivers. *See Opp.* 11–12. However, Plaintiff fails to identify any conflict between California and Nevada substantive law on this point, and, consequently, fails to show application of the Nevada choice of law provision would deprive him of a substantive protection

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-2158 PSG (KKx) | Date | July 10, 2020 |
|---|---|---|---|
| Title | Alejandro Romero v. Watkins and Shepard Trucking, Inc. et al | | |

afforded under California law. *See Brown v. Dow Chem. Co.*, No. 18-CV-07098-MMC, 2019 WL 484211, at *3 (N.D. Cal. Feb. 7, 2019). Therefore, because Plaintiff has not met his burden to show that Nevada law is contrary to a fundamental policy of California, the Court rejects this argument as well.

The Court next determines whether the SMAP is valid under Nevada law.

B. <u>Validity of the SMAP</u>

"The threshold issue in deciding a motion to compel arbitration is 'whether the parties agreed to arbitrate.'" *Quevedo v. Macy's, Inc.*, 798 F. Supp. 2d 1122, 1133 (C.D. Cal. 2011) (quoting *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 756 (9th Cir. 1988)). "When determining whether a valid contract to arbitrate exists, we apply ordinary state law principles that govern contract formation." *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1093 (9th Cir. 2014) (citing *Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d 778, 782 (9th Cir. 2002)).

Plaintiff contends that no valid arbitration agreement between the parties exists. *See Opp.* 4–9, 12–18. He first argues that he did not electronically sign any agreement. *See id.* 4–6. Second, he asserts that the SMAP is procedurally and substantively unconscionable. *See id.* 12–18. The Court takes each argument in turn.

    i. *Authenticated Signature*

Contrary to Plaintiff's contention otherwise, the evidence demonstrates that Plaintiff signed the SMAP electronically. Nevada courts have explained that the "Uniform Arbitration Act of 2000 (UAA), adopted in Nevada as Nevada Revised Statute 38.206–.248, does not require any particular formality to create an enforceable arbitration agreement," and an enforceable arbitration agreement can arise in circumstances where a party's signature is not required. *See Tallman v. Eighth Jud. Dist. Ct.*, 131 Nev. 713, 720–21 (2015) ("While NRS 38.219(1) requires that the arbitration agreement be 'contained in a record,' it does not require that the written record of the agreement to arbitrate be signed."); *U.S. Home Corp. v. Michael Ballesteros Tr.*, 134 Nev. 180, 182 (2018). Courts have held that electronic signature and execution of an arbitration agreement is not a bar to enforcement. *See, e.g., Mwithiga v. Uber Techs., Inc.*, 376 F. Supp. 3d 1052, 1059 (D. Nev. 2019). Even so, as the party seeking to compel arbitration, Defendants bear the burden of proving that a valid agreement exists between

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-2158 PSG (KKx) | Date | July 10, 2020 |
|---|---|---|---|
| Title | Alejandro Romero v. Watkins and Shepard Trucking, Inc. et al | | |

them and Plaintiff. *Wilson v. Huuuge, Inc.*, 944 F.3d 1212, 1220 (9th Cir. 2019); *see also* Nev. Rev. Stat. § 38.219(2) ("The court shall decide whether an agreement to arbitrate exists.").

Plaintiff challenges Defendants' assertion that he signed the arbitration agreements. *See Opp.* 4–6. He argues that because Defendants provided a screenshot of someone else in his account after his termination, Defendants have demonstrated that anyone could have accessed the account without Plaintiff's knowledge and signed the SMAPs. *See id.* 5–6. Plaintiff also states in a declaration that he "did not review or agree to the [SMAP]" in either 2018 or 2019. *See Romero Decl.* ¶ 7.

In response to Plaintiff's challenge, Defendants argue that Plaintiff, like any other employee, could only access the online system wherein he signed the SMAPs using his unique login credentials. *See Reply* 2:2–8 (citing *Prestine-Dommer Decl.* ¶¶ 4–5). According to Defendants, when Plaintiff reset his login credentials, an agent at the online support center provided him with a new password that he would have immediately had to change once logging back into the site. *See id.* 2:9–21 (citing *Declaration of John Diamond*, Dkt. # 19-2 ("*Diamond Decl.*"), ¶¶ 3–6). Therefore, in Defendants' view, only Plaintiff could access and complete the SMAPs. *See id.*

The Court is convinced that the asserted signatures are authentic. Defendants provide evidence that Plaintiff used a unique username and password to access the online system where he signed the SMAPs. *See Prestine-Dommer Decl.* ¶¶ 4–5. Plaintiff also acknowledges this fact. *See Romero Decl.* ¶ 6. As a result, this Court agrees with other courts in finding that Plaintiff's acknowledged use of a password or PIN is sufficient to constitute an electronic signature. *See, e.g.*, *Gonzales v. Sitel Operating Corp.*, No. 2:19-CV-00876 GMN VCF, 2020 WL 96900, at *3 (D. Nev. Jan. 7, 2020) ("Only by entering this PIN would her name be affixed on employment documents with a related timestamp.").

Contrary to Plaintiff's assertion, the fact that Defendants' representatives provided him with replacement passwords does not undermine authentication for two reasons. *See Opp.* 4–6. First, after receiving the replacement password, Plaintiff needed to change it again before he could log in to his account, alleviating any concerns that the person who gave him the password could log in to his account. *See Declaration of Chance Shook*, Dkt. # 19-3, ("*Shook Decl.*"), ¶¶ 10, 12, 15. Second, the Court is not convinced that Defendants had unbridled access to Plaintiff's online account just because Defendants produced the SMAPs here. *See Opp.* 5–6. Accordingly, this argument fails.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-2158 PSG (KKx) | Date | July 10, 2020 |
|---|---|---|---|
| Title | Alejandro Romero v. Watkins and Shepard Trucking, Inc. et al | | |

Lastly, in light of Defendants' evidence, Plaintiff's assertion that he does not remember signing the SMAPs fails to persuade the Court. While the court has taken Plaintiff's assertions into account, a preponderance of the evidence supports the conclusion that Plaintiffs electronically signed the arbitration agreements. *See Moses v. Lending Club*, No. 2:17-cv-03071-JAD-PAL, 2019 WL 489092, at *3 (D. Nev. Feb. 6, 2019) (holding that an agreement to arbitrate existed despite a plaintiff's statement that she "did not recall" electronically signing it); *Gonzales*, 2020 WL 96900, at *3.

As such, Plaintiff's argument that Defendants have not produced an authenticated electronic signature fails. The Court next analyzes whether the SMAP is unconscionable.

    ii.    *Unconscionability*

For a court to exercise its discretion to refuse to enforce a contract or clause as unconscionable, both procedural and substantive unconscionability must be present. *Burch v. Second Judicial Dist. Court of State ex rel. Cnty. of Washoe*, 118 Nev. 438, 443 (2002). However, less evidence of substantive unconscionability is required in cases involving great procedural unconscionability. *D.R. Horton, Inc. v. Green*, 120 Nev. 549, 553–54 (2004). The reverse is also true. *Id.*

An arbitration clause is procedurally unconscionable under Nevada law when a party lacks a meaningful opportunity to agree to the clause terms either because of unequal bargaining power, as in an adhesion contract, or because the clause and its effects are not readily ascertainable upon a review of the contract. *Id.* The Ninth Circuit has held that arbitration provisions are not contracts of adhesion, and thus not procedurally unconscionable, when plaintiffs can opt-out of the provision. *See Circuit City Stores, Inc. v. Ahmed*, 283 F.3d 1198, 1199 (9th Cir. 2002). The burden of demonstrating procedural and substantive unconscionability of the Arbitration Agreement is on Plaintiff.[3] *See Cohn v. Ritz Transp., Inc.*, No. 2:11-CV-1832 JCM NJK, 2014 WL 1577295, at *13 (D. Nev. Apr. 17, 2014).

Here, while Defendants had the superior bargaining power in this situation because they drafted and imposed the SMAPs, it was not procedurally unconscionable because Plaintiff could

---

[3] Plaintiff makes his unconscionability arguments under California law. *See Opp.* 12–18. However, the law in California on unconscionability is akin to Nevada law, and thus the outcome here would be the same regardless of the law applied. *See* Cal. Civ. Code § 1670.5; *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-2158 PSG (KKx) | Date | July 10, 2020 |
|---|---|---|---|
| Title | Alejandro Romero v. Watkins and Shepard Trucking, Inc. et al | | |

have opted out.  *See 2019 SMAP*; *Kilgore v. KeyBank, Natl. Ass'n*, 718 F.3d 1052, 1059 (9th Cir. 2013) (en banc) (citing *Circuit City*, 283 F.3d at 1199–1200).  In *Kilgore*, the Ninth Circuit found that an arbitration agreement binding former students of a failed flight-training school was not procedurally unconscionable because the students were empowered to reject the agreement within sixty days of signing and the arbitration clause was "in its own section, clearly labeled, in boldface." 718 F.3d at 1058–59.  Similarly, the opt-out provisions in this case are labeled in their own section with clear instructions on how Plaintiff could have elected not to be bound by the SMAP within thirty days.  *See 2019 SMAP*; *Circuit City*, 283 F.3d at 1199.  Accordingly, the agreement is not procedurally unconscionable.

Because Plaintiff does not demonstrate that the agreement is procedurally unconscionable, the Court does not address whether it was substantively unconscionable.  *See Circuit City*, 283 F.3d at 1200.

C. FAA Section 1 Exemption

Having held that the parties entered into a valid arbitration agreement, the Court next determines whether it can compel the parties to arbitration under the FAA.  The FAA extends to all contracts "evidencing a transaction involving commerce."  9 U.S.C. § 2.  This Section implements Congress' intent "to exercise [its] commerce power to the full."  *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 112 (2001) (quoting *Allied-Bruce, Terminix Cos. v. Dobson*, 513 U.S. 265, 270–71 (1995)).  Under Section 1 of the FAA, there is an exemption from the Act for "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce."  9 U.S.C. § 1.

A district court must "decide for itself" whether Section 1's exemption applies before ordering arbitration.  *New Prime Inc. v. Oliveira*, 139 S. Ct. 532, 537 (2019).  This is true even when the contract at issue contains a "delegation clause," giving an arbitrator authority to decide even the initial questions of whether the parties' dispute is subject to arbitration.  *Id.*  Plaintiff has the burden of proving the exemption applies.  *See Veliz v. Cintas Corp.*, No. C 03–1180 SBA, 2004 WL 2452851 at *3 (N.D. Cal. 5, 2004).

Plaintiff contends that Section 1 of the FAA forbids the Court from applying the FAA to the SMAP.  *See Opp.* 9–12.  A court lacks authority under the Act to order arbitration of otherwise valid agreements to arbitrate if part of a contract of employment with an enumerated worker.  *See New Prime*, 139 S. Ct. at 539.  For the exception to apply, Plaintiff must demonstrate (1) that the contract at issue is a contract of employment, and (2) that Plaintiff falls

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-2158 PSG (KKx) | Date | July 10, 2020 |
|---|---|---|---|
| Title | Alejandro Romero v. Watkins and Shepard Trucking, Inc. et al | | |

within the residual clause: "any other class of workers engaged in foreign or interstate commerce." *See* 9 U.S.C. § 1. Defendants do not contest Plaintiff's employment status. The Court therefore turns to the question of whether Plaintiff falls within a class of workers engaged in interstate commerce.

          *i.*        *Transportation Worker*

In *Circuit City*, the Supreme Court explained that the Section 1 exemption is narrow. *Circuit City*, 532 U.S. at 112. The Court ultimately held that Section 1 exempts from the FAA only "contracts of employment of transportation workers." *Circuit City*, 532 U.S. at 119. It went on to explain that most Courts of Appeals have defined transportation workers as "those workers 'actually engaged in the movement of goods in interstate commerce.'" *Id.* at 112 (quoting *Cole v. Burns Int'l Security Servs.*, 105 F.3d 1465, 1470–72 (D.C. Cir. 1997)).

The Supreme Court has not provided a clear definition of what constitutes a "transportation worker" who is "engaged in interstate commerce," but other courts have provided some guideposts. The "most obvious case where a plaintiff falls under the FAA exemption is where the plaintiff directly transports goods in interstate, such as interstate truck driver whose primary function is to deliver mailing packages from one state into another." *Veliz*, 2004 WL 2452851 at *3; *see also Harden v. Roadway Package Sys., Inc.*, 249 F.3d 1137, 1140 (9th Cir. 2001) (delivery driver for package delivery service, who "contracted to deliver packages 'throughout the United States'" was exempt from the FAA). Plaintiff admits that he does not cross interstate lines in his work; therefore, he does not meet this "most obvious case." *See Romero Decl.* ¶ 2; *Veliz*, 2004 WL 2452851 at *3.

More relevant here, courts have also held that employees working for employers engaged in delivering goods through the stream of interstate commerce fall within the exemption even when the employees themselves do not cross state lines. *See Rittmann v. Amazon*, 383 F. Supp. 3d 1196, 1200 (W.D. Wa. 2019) (holding that delivery drivers who transport "packaged goods that are shipped from around the country and delivered to the consumer untransformed" were "transportation workers," even if they did not themselves cross state lines); *Christie v. Loomis Armored US, Inc.*, No. 10–cv–02011–WJM–KMT, 2011 WL 6152979, at *3 (D. Colo. Dec. 9, 2011) (employee driver fell within exemption, even though she did not show that she delivered goods to another state, because her employer was registered with the Department of Transportation as engaged in the business of interstate transport of currency, and she transported currency, a "good that is indisputably in the stream of interstate commerce"); *Palcko v. Airborne Express, Inc.*, 372 F.3d 588 (3d Cir. 2004) (management worker fell within exemption because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-2158 PSG (KKx) | Date | July 10, 2020 |
|---|---|---|---|
| Title | Alejandro Romero v. Watkins and Shepard Trucking, Inc. et al | | |

although she was not herself transporting goods for her employer, a package transportation and delivery company engaged in intrastate, interstate and international shipping, she supervised drivers delivering packages and was thus closely related to interstate commerce).

Plaintiff argues that he is a transportation worker because he transported furniture for Defendants, and Defendants admit that they are engaged in interstate commerce. *See Opp.* 10. Defendants respond that Plaintiff is not a transportation worker because, while working for Defendants, he made his furniture and carpet deliveries within California. *See Reply* 4–6.

The Court concludes that Plaintiff meets the definition of transportation worker and is thus exempt from the FAA. Like the employees in *Rittman* and *Christie*, Plaintiff transports goods shipped from around the country in their final form for delivery to consumers. *See Romero Decl.* ¶ 2; *Rittmann*, 383 F. Supp. 3d at 1200; *Christie*, 2011 WL 6152979, at *3. The fact that Plaintiff, like the plaintiffs in those cases, does not himself cross state lines is immaterial because the goods he delivers come from out of state. *See Romero Decl.* ¶ 2; *Rittmann*, 383 F. Supp. 3d at 1200; *Christie*, 2011 WL 6152979, at *3. "If an employer's business is centered around the interstate transport of goods and the employee's job is to transport those goods to their final destination—even if it is the last leg of the journey—that employee falls within the transportation worker exemption." *Rittmann*, 383 F. Supp. 3d at 1201; *see also Hamrick v. Partsfleet, LLC*, 411 F. Supp. 3d 1298, 1302 (M.D. Fla. 2019) ("Unlike a food delivery driver, the goods at issue in this case originate in interstate commerce and are delivered, untransformed, to their destination by Plaintiffs."). Accordingly, the Court concludes that Plaintiff is a transportation worker under the FAA.

    ii.  Section 1 Waiver

Defendants also argue that Plaintiff waived Section 1 because, under the SMAP, the parties "waive the application or enforcement of any provision of the FAA which would otherwise exclude this SMAP from its coverage." *See Reply* 4–5.

In *New Prime*, the Supreme Court held that "a court must first know whether the contract itself falls within or beyond the boundaries of §§ 1 and 2" of the FAA before ordering a party to arbitration. *See New Prime*, 139 S. Ct. at 537–38. Sections 1 and 2, as antecedent provisions, limit a court's powers under Sections 3 and 4. *See id.* at 537. The Court noted that under the FAA's language, "'nothing' in the Act 'shall apply' to 'contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce.'" *Id.* Given this language, it concluded that while "[t]he parties' private agreement may be crystal

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-2158 PSG (KKx) | Date | July 10, 2020 |
|---|---|---|---|
| Title | Alejandro Romero v. Watkins and Shepard Trucking, Inc. et al | | |

clear and require arbitration of every question under the sun . . . that does not necessarily mean the Act authorizes a court to stay litigation and send the parties to an arbitral forum." *Id.* at 537–38.

Defendants argue that even if Plaintiff is a transportation worker, the FAA nevertheless applies to Plaintiff because he waived enforcement of any provision of the FAA which would otherwise exclude the SMAP from its coverage; here, Section 1. *See Reply* 4–5. In support, Defendants compare this waiver to collective action waivers, which the Supreme Court held were enforceable in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612, 1621–23 (2018). *See id.* 5. Plaintiff responds that, under *New Prime*, he cannot waive Section 1 because that provision concerns a court's power to stay litigation and order parties to arbitration. *See Surreply* 2–3. According to Plaintiff "[i]f the exclusion under [S]ection 1 applies, then the court simply lacks authority to order enforcement under the remaining sections." *Id.* 3:19–20. Finally, Defendants counter that neither *New Prime* nor the FAA forbids parties from waiving certain statutory provisions. *See Sur-surreply* 1–2.

After considering the parties' arguments and the Supreme Court's reasoning in *New Prime*, this Court concludes that the parties cannot waive Section 1. The Supreme Court held in *New Prime* that courts lack the power to order parties to arbitration when any party meets the Section 1 exemption, as Plaintiff does here. *See New Prime*, 139 S. Ct. at 537–38. In other words, the FAA grants courts authority to enforce arbitration agreements as they are written, unless they involve a "contract[] of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." *See* 9 U.S.C. § 1. Given that Plaintiff is a transportation worker, Defendants' waiver is of no force because the Court simply lacks power to compel the parties to arbitrate under the Act. Therefore, while "[t]he parties' private agreement may be crystal clear and require arbitration of every question under the sun," the FAA does not authorize this Court to send the parties to arbitration because Plaintiff is among a class of "workers engaged in foreign or interstate commerce." *See New Prime*, 139 S. Ct. at 537–38; 9 U.S.C. § 1.

Cases such as *Epic Systems* are distinguishable because those cases did not involve the threshold question of judicial power at issue here. Defendants argue that the SMAP waiver is like the collective action waiver in *Epic Systems* that the Supreme Court held was valid. *See Reply* 5 (citing *Epic Systems*, 138 S. Ct. at 1621–23). The Court agrees with Defendants that when a court concludes that the Section 1 exemption does not apply, the FAA is "a congressional command requiring [courts] to enforce, not override, the terms of the arbitration agreements." *Epic Systems*, 138 S. Ct. at 1623. However, unlike the plaintiffs in *Epic Systems*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-2158 PSG (KKx) | Date | July 10, 2020 |
|---|---|---|---|
| Title | Alejandro Romero v. Watkins and Shepard Trucking, Inc. et al | | |

Plaintiff has established that Section 1 applies to him. *See id*. As such, this Court lacks the power to enforce the waiver, or any other portion of the SMAP, via the FAA.

Ultimately, the Court holds the FAA does not apply here because Plaintiff meets the Section 1 exemption for transportation workers. The Court next analyzes whether it can compel the parties to arbitrate under Nevada law.

        D.        Enforceability Under Nevada Law

Nevada law provides that "[a]n agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable and irrevocable except as otherwise provided in NRS 597.995 . . ." *See* Nev. Rev. Stat. § 38.219. Under Nev. Rev. Stat. § 597.995(1), "an agreement which includes a provision which requires a person to submit to arbitration any dispute arising between the parties to the agreement must include specific authorization for the provision which indicates that the person has affirmatively agreed to the provision." If there is no specific authorization, then the arbitration provision is "void and unenforceable." Nev. Rev. Stat. § 597.995(2); *see also Fat Hat, LLC v. DiTerlizzi*, 385 P.3d 580 (Nev. 2016).

Plaintiff argues that the SMAP is void and unenforceable because it does not contain an indication that Plaintiff affirmatively agreed to arbitration, in violation of § 597.995. *See Surreply* 10–11. Defendants counter that by clicking "I Agree" at the end of the SMAP, Plaintiff specifically authorized arbitration. *See Sur-surreply* 6.

Defendants have the better of this argument. Nevada courts have held that arbitration agreements satisfy § 597.995 when they require separate initialing. *See. e.g.*, *Larson v. D. Westwood, Inc.*, No. 2-15-CV-01372 RFB GWF, 2016 WL 5508825, at *2 (D. Nev. Sept. 27, 2016). Contrary to what Plaintiff asserts, the SMAP is a standalone arbitration agreement. As the Court has already held, Plaintiff affirmatively agreed to the SMAP, and thus to arbitrate, when he checked the "I Agree" box at the end of the agreement. Defendants have thus met the specific authorization requirement under Nevada law.

Therefore, because Plaintiff does not raise a defense to enforcing the arbitration agreement, and the agreement is otherwise valid under Nevada law, the Court **GRANTS** Defendants' motion to compel arbitration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-2158 PSG (KKx) | Date | July 10, 2020 |
|---|---|---|---|
| Title | Alejandro Romero v. Watkins and Shepard Trucking, Inc. et al | | |

Because "the entirety of [Plaintiff's] claim is subject to arbitration," it is appropriate to dismiss the case rather than to stay it pending the outcome of the arbitration. *See Sunvalley Solar, Inc. v. China Elec. Equip. Grp. Corp.*, No. CV15-5099 PSG (JPRx), 2015 WL 13546433, at *5 (C.D. Cal. Oct. 29, 2015), *aff'd sub nom. Sunvalley Solar, Inc. v. CEEG (Shanghai) Solar Sci. & Tech. Co.*, 690 F. App'x 942 (9th Cir. 2017); *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (determining that dismissal was appropriate where "plaintiffs could not possibly win relief" because all of their claims were subject to arbitration agreement and the FAA does "not limit the court's authority to grant a dismissal"). Therefore, because all of Plaintiff's claims are subject to the SMAP, the Court **DISMISSES** this action without prejudice.

IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion to compel arbitration and **DISMISSES** this action without prejudice.

This order closes the case.

**IT IS SO ORDERED.**